# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:06cv6-MU

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY and Affiliates, ) ) ) Appellants, ) ) v. ) ) LAURA TESSLER, ADMINISTRATOR FOR THE ESTATE OF LAURA ELIZABETH DUNNAGAN, ) ) ) ) Appellee ) | |
| In re: ) ) J.A. JONES, INC., et al., ) ) Debtors. ) ) | Case No.: 03-33532 Chapter 11 Jointly Administered |

## ORDER

**THIS MATTER** comes before the Court on the motion of Appellant Zurich American Insurance Company ("Zurich") for a stay pending appeal of the Bankruptcy Court's December 20, 2005, Order to Extend Claims Bar Date to Permit Filing Late-Filed Proof of Claim ("the December Order"). The current motion was heard in the Bankruptcy Court on February 8, 2006, and was denied on February 24, 2006 before being refiled in this Court on February 27, 2006. After reviewing the Bankruptcy Order, the record, and the briefs of both parties, it appears that the February Order was correct. This motion is therefore DENIED.

### I. BACKGROUND

Appellee's decedent, Laura Elizabeth Dunnagan, died on January 22, 2003 from injuries she

received in a chain collision on Interstate 77, north of Charlotte. Rea Construction Company ("Rea"), one of the debtors in the underlying bankruptcy action, was responsible for planning and maintaining safety in the highway construction work zone where the collision occurred. In September 2003, Rea, along with its parent corporation, J. A. Jones, Inc., filed for bankruptcy under Chapter 11. Rea did not list Appellee among its known creditors despite having examined at length the issue of a possible tort action, and Appellee never received notice of the impending bankruptcy.

After learning of the bankruptcy, Appellee filed a motion with the Bankruptcy Court on December 9, 2004, to extend the claims bar date. After briefly lifting the bankruptcy stay to allow Appellee to file its tort claim in state court ("the state tort action"), the Bankruptcy Court ultimately granted Appellee's motion on December 20, 2005, allowing Appellee to proceed with its state tort action. Zurich, Rea's insurer, filed an appeal in its own capacity and moved the Bankruptcy Court for a stay pending appeal, which was denied.

**II. DISCUSSION**

To obtain a stay pending appeal of a bankruptcy matter, the moving party must show that: 1) he will suffer irreparable injury if the stay is not granted; 2) the stay will not cause substantial harm to other parties; 3) he is likely to succeed on the merits of the appeal; and 4) the public interest would be served by a stay. Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970). In assigning weight to each factor, a court will seek to balance the harm to the movant against the harm to other parties. In re Shenandoah Realty Partners, L.P., 248 B.R. 505, 510 (W.D. Va. 2000). If the balance tips towards the movant, he need show only substantial and serious questions as to merits of the case. Id. Where the harms are more evenly balanced, however, the movant must make a strong showing that success on the merits is likely. Id.

Here, Zurich claims that it will suffer irreparable injury because the state tort action will

proceed towards judgment while its appeal remains pending. As Rea's insurer, Zurich will be forced to defend this action and, if Appellee prevails, deal with the consequences of that judgment. Zurich claims that if a stay is not granted and the state tort action reaches resolution, its appeal will become moot. Even if this were true, it is well established that standing alone, the potential for an appeal to be rendered moot does not constitute irreparable harm. Shenandoah Realty, 248 B.R. at 510, quoting In re 2003 North LaSalle Street Partnership, 190 B.R. 595, 597-98 (N.D. Ill. 1995). Any consequences Zurich might face spring solely from the possible mooting of the appeal, and therefore do not constitute irreparable injury.[1]

Absent irreparable injury, Zurich must make a strong showing on the remaining factors to have any hope of obtaining a stay. Zurich simply cannot meet this burden. If a stay is granted, Appellee's long-delayed state tort action will be delayed even further. As time passes, memories dim and evidence may be lost that could prove critical in Appellee's claims. While this harm may not be overwhelming, it is certainly enough to tip the balance of harms decidedly towards Appellee, given Zurich's failure to establish irreparable injury. Without ruling on the merits of the appeal itself, Zurich does not show a sufficient likelihood of success to outweigh this. Finally, as the Bankruptcy Court noted in its December Order, "public policy supports the court ruling in a manner that encourages debtors not to omit potential creditors from their schedules or notices." Granting a stay pending appeal of that very order would countermand that policy. Thus, the factors for a stay are not met, and the motion must be **DENIED**.

**IT IS SO ORDERED.**

---

[1] Zurich attempts to distinguish the cases cited by Appellee by noting that they all involve appeals from orders confirming plans of reorganization, rather than appeals from orders granting relief from a stay. Tellingly, the primary case cited by Zurich in support of its arguments falls prey to the same objection. Central States, Southeast and Southwest Area Pension Funds v. Central Transport, 841 F.2d 92, 96 (4th Cir. 1988).

Signed: April 12, 2006

Graham C. Mullen
United States District Judge